IDA TAYLOR THOMAS AND HENRY THOMAS, HER HUSBAND, *Plaintiffs in Error,* v. MARY E. HAYTER, *Defendant in Error.*

Opinion Filed November 3, 1920.

Where the evidence, though conflicting, affords a sufficient legal basis for a verdict, and no material or harmful errors of law or procedure appear, the judgment will be affirmed.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed.

*McGill & McGill,* for Plaintiffs in Error;

*Fred B. Noble, Noble & Sawyer* and *Frank E. Jennings,* for Defendant in Error.

WHITFIELD, J.—In an action of ejectment brought by Mary E. Hayter against Ida Taylor Thomas and Henry Thomas, her husband, to recover Lot Three (3), Block Thirty-six (36), Dotens Subdivision of the City of Jacksonville, Florida, trial was had on a plea of not guilty. Plaintiff adduced a quit-claim deed from Chas. W. Kinne and wife dated June 14, 1918, and also presented testimony to show that the defendants had acknowledged that their possession of the property was subordinate to and in recognition of the ownership of it by Chas. W. Kinne after a master's deed in foreclosure proceedngs had been executed to Kinne and before Kinne quit-claimed to the plaintiff. The bill of exceptions contains the following:

"The plaintiff duly proved that Emma Castellano and Stephen Castellano, her husband, executed a mortgage on the property involved in this suit to H. J. Hayter on January 11, 1909, which was duly recorded in the public records of Duval County, Florida, on January 12th, 1909; that this mortgage was foreclosed in the Circuit Court, Duval County, Florida, in chancery, in a suit in which the bill of complaint was filed on the 21st day of January, 1914. That the defendants in this cause and all other necessary parties were made defendants in the foreclosure proceedings and all were duly and regularly served with process; that these defendants in this cause appeared in the suit and filed an answer by their attorney, J. M. Peeler, Esq.; that a final decree was rendered in the foreclosure proceedings in which it was adjudged and decreed that the equities were with the complainant and

that all the defendants in said suit, and that all persons claiming by, through or under them since the commencement of the suit, be forever barred and foreclosed from all equity of redemption and claim of, in and to the mortgaged premises or any part thereof; that, on a sale of the mortgaged premises, the same were purchased by Chas. W. Kinne, to whom a master's deed was issued, dated December 19th, 1914, and recorded in Deed Book No. 132, page 605, of the public records of Duval County, Florida, on the 8th day of January, 1915; that the said sale was confirmed by the court."

A motion to direct a verdict for the defendants was denied; and defendants adduced testimony to show that they had not recognized Kinne as their landlord and that they claimed by purchase from another party, though no paper title was adduced and no title by adverse possession was clearly shown.

A writ of error was taken to a judgment for the plaintiff, and the contention here is "that the verdict is not sustained by a preponderance of the evidence and is contrary thereto."

Conflicts in the testimony as to the character of the defendant's possession of the *locus in quo* were settled by the jury. The other facts established in the bill of exceptions and the conclusion of the jury as to disputed facts are a sufficient predicate for the verdict and judgment rendered thereon; and as no material or harmful errors of law or of procedure appear, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.